SHOE MANUFACTURERS' SUPPLY CO. v. STACEY et al.

(Circuit Court, D. Massachusetts. March 23, 1900.)

No. 1,021.

PATENTS—INVENTION—UPPERS FOR LACED SHOES.

The Benjamin patent, No. 552,506, for improvements in uppers for laced shoes, the essential feature of which consists in placing a strip or cushion piece under the rough projecting bases of the eyelets or hooks, for the purpose of presenting a smooth surface to the wearer, is void for lack of invention.

Suit in Equity for Infringement of a Patent. On final hearing.

Benj. Phillips and T. Hart Anderson, for complainant.

Charles A. Taber, for defendants.

COLT, Circuit Judge. This suit relates to a patent for improvements in uppers for laced shoes. The patent was granted January 7, 1896, to William T. Benjamin. The third claim which is relied upon is as follows:

"In an upper for laced shoes, the combination with the top, having eyelets or hooks secured in its edge, of a cushioning stay secured to the top, conforming to the edge of the same, and situated beneath the bases of said fastening devices, and secured to the top along one edge, and the top lining having its edge between said bases and the stay, substantially as set forth."

This claim comprises the following elements: (1) A shoe top having eyelets or hooks secured in its edge; (2) a cushion stay secured to the top conforming to its edge, situated beneath the bases of the eyelets or hooks; (3) the top lining of the upper, having its edge between said bases and the stay. Shortly expressed, the invention described in this claim consists in upsetting the eyelets or hooks upon the under side of the top of the shoe, and placing a strip or cushion piece over the rough projecting bases of the eyelets or hooks. I am unable to discover any invention in this claim. At most, it involves only the exercise of mechanical skill respecting details of construction. As a matter of common knowledge, there is nothing new in placing a stay or cushion underneath the upset bottom of an eyelet or hook, either in a shoe or corset, for the purpose of presenting a smooth surface to the wearer, and so avoiding any discomfort due to the rough edges of the base of the eyelet or hook.

Further, it is probable that an eyelet or hook upset on the under side of the leather top of a shoe would pull out from the pressure of the lacing, unless the upper was made of thick leather. The patent describes a strengthening stay of canvas, leather, or other suitable material laid beneath the front edge of the top, and stitched thereto; but this is not made an element of claim 3, and I doubt, if it had been made an element, whether the combination would then rise to the dignity of invention. As the claim stands, however, I am satisfied that it is entirely lacking in invention. Bill dismissed, with costs.